IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AMANDA JACKSON, | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | § |
| | §    **CIVIL ACTION NO. 6:11-cv-316** |
| HEALTHCARE SERVICES GROUP, | § |
| INC., d/b/a PALESTINE HEALTHCARE | § |
| CENTER, | § |
| | § |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Amanda Jackson files this Original Complaint against Healthcare Services Group, Inc., d/b/a Palestine Healthcare Center for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Amanda Jackson ("Plaintiff" or "Jackson") is currently a citizen and resident of the State of Texas.

2.      Defendant Healthcare Services Group, Inc., d/b/a Palestine Healthcare Center ("Defendant" or "PHCC") is a foreign corporation, authorized to do business, and is doing business, in the State of Texas. Healthcare Services Group, Inc.'s main corporate office is located in Bensalem, PA. Defendant may be served through its registered agent for service, Corporation Service Company d/b/a SCS- Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

3.      The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4.      Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") in April of 2010, alleging sex discrimination, sexual harassment, and illegal retaliation. This action is being commenced within the required statutory time limits as the Notice of Right to Sue was issued on March 31, 2011.

### III. FACTUAL BACKGROUND

5.      In March of 2010, Jackson commenced employment with PHCS as a janitor.  A few days after starting her employment with PHCS Plaintiff's immediate supervisor began to make sexually inappropriate advances toward Plaintiff on almost a daily basis.  Jackson was forced to endure the following:

*       Unwanted breast grabs;

*       Placing his hands near her vagina;

*       Making sexual gestures and comments such as "come give me some real quick";

*       Comments about his sexual feelings for her; and

*       Numerous request to engage in a sexual relationship with him.

6.      Jackson rebuked the supervisor's advances on virtually every occasion, but this did not deter the supervisor.  Rather, the supervisor escalated his advances, calling Plaintiff's phone at all hours of the day.  The calls were so numerous that Jackson had to shut off her phone.

7.      In April of 2010, after enduring numerous acts of sexual harassment, Jackson complained about the sexual harassment to different PHCC personnel, including the district manager. One day after complaining about the sexual harassment to the district manager, her immediate supervisor -- the sexual harasser -- terminated Plaintiff.

8.      PHCC claimed Jackson was terminated for being on her cellphone in the janitor's closet and not properly cleaning rooms, but this is merely pretext for retaliation. In essence, had Plaintiff agreed to engage in sexual relations with the supervisor, and/or had she not complained about her supervisor's sexually-harassing conduct, Jackson would not have been terminated.

## IV. CAUSE OF ACTION--VIOLATION OF TITLE VII

9.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 8 as if fully stated herein.

10.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Civil Right Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et. seq.* ("Title VII").

11.     PHCC is an "employer" as defined by the Title VII.

12.     Plaintiff is an "employee" as defined by Title VII.

13.     During the time that Plaintiff was employed by Defendant Plaintiff was subjected to severe and pervasive sexual harassment, *quid pro quo* sexual harassment, and retaliation by Defendant for engaging in protected activity as defined by Title VII. These actions created a hostile-work environment, affected the terms and conditions of Plaintiff's employment, and ultimately led to the discharge of Plaintiff.

14.    Defendant did not have adequate policies or procedures in place to address the sexual harassment and retaliation, nor did it implement prompt remedial measures.

15.    As described above, Defendant intentionally and willfully violated Title VII by sexually harassing and retaliating against Plaintiff. In illegally harassing, retaliating, and engaging in sexual *quid pro quo* events against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff.

16.    As a result of Defendant's violations of the Title VII, Plaintiff has suffered mental trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

17.    As a result of these willful violations of the Title VII Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in the Title VII, as well as all equitable relief, and attorney fees and costs.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on

final trial, Plaintiff has judgment against Defendant as follows:

a.  Judgment against Defendant for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

b.  Judgment against Defendant for compensatory and equitable damages in the maximum amount allowed by law;

c.  Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d.  An order that Defendants take such other and further actions as may be necessary to redress its violation of the law;

e.  Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f.  Costs of suit, including attorney's fees;

g.  The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under Title VII.

Respectfully submitted by:

**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Carmen Artaza**
State Bar No. 24055114
artaza@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**